BL

**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Joe Johnson, ) | No. CV 05-1607-PHX-DGC (MEA) |
| ) | |
| Plaintiff, ) | **ORDER TO SHOW CAUSE** |
| vs. ) | |
| ) | |
| Joseph Arpaio, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Joe Johnson, formerly confined in the Maricopa County Lower Buckeye Jail in Phoenix, Arizona, filed a *pro se* Complaint pursuant to 42 U.S.C. § 1983.  Because Plaintiff was a prisoner at the time he filed his Complaint, he became obligated to pay the $250.00 civil action filing fee.  See Taylor v. Delatoore, 281 F.3d 844, 847 (9th Cir. 2002) (providing that "[u]nder the PLRA, all prisoners who file IFP civil actions must pay the full amount of the filing fee."); 28 U.S.C. § 1915(b)(1).  After filing his Complaint, Plaintiff submitted a change of address.[1]  (Doc. #7).  Because Plaintiff has apparently been released from jail, the $250.00 filing fee can no longer be collected from his inmate trust account. Accordingly, the $250.00 civil action filing fee is now due in full unless Plaintiff can show good cause why he should not be required to pay it immediately.

---

[1] Plaintiff's Amended Complaint was filed on September 12, 2005, listing Lower Buckeye Jail as his present mailing address. (Doc. # 8).  Plaintiff's last change of address listing a private residence as his present mailing address was filed on August 31, 2005.  (Doc. #7) However, Plaintiff's Amended Complaint was signed on August 21, 2005, and his change of address was signed on August 25, 2005.  (Docs. #7 & 8).  Accordingly, it is presumed that Doc. #7 lists Plaintiff's correct current mailing address.

JDDL

1    Plaintiff will be given thirty days in which he must either pay the $250.00 filing fee

2  or respond to this Order in writing.  Plaintiff's written response must include:  (1) a statement

3  of Plaintiff's date of release; and (2) Plaintiff's affirmation that he has paid or will pay the

4  unpaid balance of the filing fee in full no later than 120 days from the date of his release <u>or</u>

5  Plaintiff's affidavit under penalty of perjury demonstrating good cause why he is presently

6  unable to pay the outstanding balance of the filing fee.  <u>See</u> 28 U.S.C. § 1746 (the oath

7  requirement may be satisfied when a person declares under penalty of perjury that the

8  submission is true and correct, and signs and dates the statement).  If Plaintiff chooses to

9  demonstrate good cause, he must describe his current financial condition in detail, including

10  his sources of income, whether he is employed, and any liabilities he may have.

11    Plaintiff should take notice that if he fails to timely comply with every provision of

12  this Order, or any order entered in this matter, this action will be dismissed pursuant to Rule

13  41(b) of the Federal Rules of Civil Procedure.  <u>See</u> <u>Ferdik v. Bonzelet</u>, 963 F.2d 1258 (9th

14  Cir. 1992) (district court may dismiss action for failure to comply with any order of the

15  court).

16  **IT IS THEREFORE ORDERED that:**

17    (1)  Plaintiff shall have **thirty (30) days** from the date this Order is filed to either pay

18  the $250.00 filing fee in full or to respond as described in this Order.

19    (2)   The Clerk of Court is directed to enter a judgment of dismissal of this action

20  without prejudice and without further notice if Plaintiff fails to comply.

21    Dated this 13th day of October, 2005.

22

23

24  _____

25    David G. Campbell
    United States District Judge

26

27

28

JDDL                                    - 2 -